**Mabel NELSON, Appellant,**

v.

**Richard C. SIEBERT, M.D., Respondent.**

**No. C2-87-296.**

Court of Appeals of Minnesota.

Aug. 25, 1987.

Review Granted Oct. 13, 1987.

Robert C. Hoene, St. Paul, for appellant.

Kay Nord Hunt, Paul C. Peterson, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ.

## OPINION

NIERENGARTEN, P.J.

This is an appeal from a judgment denying the appellant's motion to vacate an order which dismissed her action under Minn.R.Civ.P. 41.02 and Rule 4.03 of the Rules of the Fourth Judicial District. We reverse.

## FACTS

Appellant Mabel Nelson initiated a medical malpractice action against respondent Richard Seibert in 1983 when she served Siebert with a summons and complaint. Although Nelson's initial pleadings were not filed with the court, a court file number was assigned to the case when Siebert filed his answers with the Hennepin County District Court in October 1983.

On July 10, 1986, Nelson's attorney sent a law clerk to file the original pleadings because, after reviewing the file, the attorney noticed the documents had not been filed with the court. However, the law clerk was advised by court personnel that Nelson's case had been dismissed with prejudice pursuant to Rule 41.02 because neither party certified the case ready for trial or moved to continue the case before July 1, 1986, as required by Amended Rule 4.03 of the Fourth Judicial District and Chief Judge Fitzgerald's April 10, 1985, order which stated:

> Cases filed with the Court prior to July 1, 1985, but not certified ready for trial, will be activated effective July 1, 1985, for the purposes of the initial filing date. All cases activated on this date will be dismissed on July 1, 1986, unless a Note of Issue/Certificate of Readiness has been filed or the case has been continued prior to the expiration of 12 months, under Rule 41.02, Rules of Civil Procedure.

In September 1986, Nelson moved the district court pursuant to Minn.R.Civ.P. 60.02 for an order vacating its dismissal of her case. She also argued that Rule 4.03 is unconstitutional and that the Rule is invalid because it conflicted with Minn.R.Civ.P. 41.02. The district court denied Nelson's motion to vacate the dismissal and ordered her case "dismissed with prejudice."

Nelson appeals from the judgment of dismissal.

## ISSUE

Did the district court abuse its discretion by denying the appellant's motion for an order vacating the dismissal?

## ANALYSIS

### Denial of 60.02 Motion

Nelson's motion to vacate the dismissal was argued under Rule 60.02 which allows courts to relieve parties from final judgments or orders because of "[m]istake, inadvertence, surprise or excusable neglect" or for "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. Although the rule usually applies to default judgments, the rule is not limited to those cases and also applies to dismissals. *See Sand v. School Service Employees Union, Local 284*, 402 N.W.2d 183, 186 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Apr. 29, 1987).

Relief under Rule 60.02 is not absolute. *See Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). However, the supreme court has stated:

> [I]n keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of cases on their merits, the court should relieve a defendant from the consequences of his attorney's neglect in those cases where defendant (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) shows that no substantial prejudice will result to the other party.

*Id.* at 179–80, 203 N.W.2d at 403 (citations omitted). The district court should have granted Nelson's motion to vacate the dismissal because she met the threshold standards of Rule 60.02.

Nelson's attorney submitted an affidavit stating his belief that Nelson has a "legit-

imate cause of action," and her complaint and answers to Siebert's interrogatories indicate the factual bases for her claims. The evidence establishes a reasonable claim on the merits.

 Although Nelson's attorney should have been aware of the case filing because of the identification and use of the court file number, Nelson should not be penalized for her attorney's mistakes or neglect.

> A litigant is not to be penalized for the neglect or mistakes of his lawyer. Courts will relieve parties from the consequences of the neglect or mistakes of their attorney, when it can be done without substantial prejudice to their adversaries.

*Duenow v. Lindeman,* 223 Minn. 505, 518, 27 N.W.2d 421, 429 (1947) (citations omitted).

The record does not show any personal involvement or irresponsible conduct on Nelson's part and we believe she justifiably could rely on counsel to properly monitor and prosecute her case. *See Finden v. Klaas,* 268 Minn. 268, 271–72, 128 N.W.2d 748, 750–51 (1964); *Gunderson v. Lake County Board of Health,* 389 N.W.2d 241, 244 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Aug. 20, 1986); *Stelflug v. Benson,* 385 N.W.2d 892, 893 (Minn.Ct. App.1986). This case is distinguishable from our recent decision in *Charson v. Temple Israel,* 405 N.W.2d 895 (Minn.Ct. App.1987), *pet. for rev. granted* (Minn. July 15, 1987). The appellant in *Charson* failed to present even a colorable claim of merit and there was some evidence that the appellant was personally involved during certain stages of the litigation.

Nelson filed a motion to vacate the dismissal on September 22, 1986. Nelson acted with reasonable diligence after learning of the dismissal.

Finally, Siebert does not indicate the factual basis for his assertion of general prejudice nor argue prejudice specific to himself. The delay is minimal and we will not presume prejudice from the mere fact of delay. *See Copeland v. Bragge,* 378 N.W.2d 35, 38 (Minn.Ct.App.1985).

*Other Claims*

Since we have concluded the district court should have vacated the dismissal of Nelson's case because she presented sufficient evidence of the Rule 60.02 factors, we need not address her other claims.

### DECISION

The district court abused its discretion by denying the appellant's motion for an order vacating the dismissal because the appellant has a reasonable claim on the merits, her neglect was not inexcusable, she acted with due diligence, and vacation will not substantially prejudice the respondent.

Reversed.