Duane LYSHOLM, et al., Appellants,

v.

William H. KARLOS, Respondent.

No. CO–87–1172.

Court of Appeals of Minnesota.

Nov. 10, 1987.

Wayne J. Studer, Studer and Flynn, Minneapolis, for appellants.

Gregory M. Weyandt, Mary C. Cade, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Duane and Nancy Lysholm appeal from the denial of their motion to vacate a judgment against them following the dismissal of their case pursuant to Hennepin County's special rules. We reverse and remand.

## FACTS

In 1981, appellant Lysholm was involved in an auto accident with respondent Karlos. Lysholm was acting within the scope of his employment at Metro Salvage and Towing Co. (Metro). Metro's workers' compensation insurer, Aetna Life and Casualty Co. (Aetna), paid Lysholm substantial workers' compensation benefits as a result of the injuries he sustained.

Lysholm began a personal injury action against Karlos in 1982. Lysholm's original counsel, Austin Ditzler, conducted discovery and filed a note of issue and statement of the case in December 1983. Counsel for Aetna, Wayne Studer, monitored this suit because of Aetna's possible subrogation and indemnification interests. Aetna became active in the case after learning of the possibility of a *Naig* settlement, which would have settled only those claims of Lysholm not subject to subrogation or indemnification. *See Naig v. Bloomington Sanitation*, 258 N.W.2d 891 (Minn.1977).

The matter was scheduled for trial the week of October 29, 1984, but was stricken from the court calendar by mutual agreement of the parties. Aetna was aware the trial date had been set and stricken from the court calendar.

On August 11, 1986, without prior notice to either of the parties, the case was dismissed with prejudice pursuant to the Hennepin County Chief Judge's April 10, 1985 order and Minn.R.Civ.P. 41.02. No Certificate of Readiness had been filed in the case as of July 1, 1986, as was required by the April 10, 1985 order.

On September 2, 1986, the trial court set September 30, 1986 as the date for a pretrial/settlement conference. The date was subsequently reset to November 19, 1986.

At the November 19 conference, of which Aetna was not informed, the parties agreed to a *Naig* settlement. The settlement provided that Aetna could be substituted as a named plaintiff in the lawsuit, should Aetna so desire. The agreement further stated it was the desire of the parties to settle only the claims between Lysholm and Karlos, while leaving open the claims of Lysholm's employer and insurer.

On November 24, Karlos served Aetna with notice of a motion to dismiss the case. In an affidavit accompanying the motion to dismiss, Karlos's attorney indicates "it appears that [the matter] was mistakenly

reinstated at some time subsequent to the order for dismissal."

The motion to dismiss was heard on December 12, 1987. On January 16, 1987, the trial court issued an order dismissing the case with prejudice pursuant to the April 10, 1985 order.

Studer was substituted as counsel for Lysholm on February 4, 1987 to allow Studer to carry out Aetna's subrogation claims.

The attorney for Karlos, in a letter to Judge Porter dated February 11, 1987, requested that Judge Porter sign an additional order stating:

> IT IS HEREBY ORDERED that the January 16, 1987 Order of dismissal was intended to and did confirm the Order of dismissal of August 11, 1986.

Judge Porter signed the order.

On February 23, Studer (on behalf of Lysholm) served a motion to vacate the dismissals of August 11, 1986, January 16, 1987, and February 17, 1987.

This motion was heard by Chief Judge Forsythe. At that hearing, Studer argued that the dismissal should be vacated, pursuant to Minn.R.Civ.P. 60.02, as excusable attorney neglect. In support of that motion, attorney Ditzler (Lysholm's previous attorney) asserted by affidavit that, upon learning of the dismissal, he immediately spoke with Judge Porter's and Judge Forsythe's law clerks, who assured him that the case had been wrongfully dismissed. The court refused to vacate the judgment. The trial court reasoned that Lysholm's counsel had not offered a reasonable excuse for failing to file a certificate of readiness by July 1, 1986.

## ISSUE

Did the trial court abuse its discretion in failing to vacate the judgment?

## ANALYSIS

■ A party seeking to vacate a judgment for excusable attorney neglect under Rule 60.02 must show a reasonable claim on the merits, a reasonable excuse for the neglect, due diligence after notice of entry of judgment, and that no substantial prejudice will result to the opponent. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952). Absent a clear abuse of discretion, a trial court's decision will be upheld. *Howard v. Frondell*, 387 N.W.2d 205, 207–208 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986).

Karlos argues that Lysholm has failed to satisfy any of the four factors required to vacate a judgment.

### 1. Reasonable claim on the merits.

■ The deposition testimony of Karlos indicates that he approached the intersection where the accident occurred at about 20–25 miles per hour. About 25–30 feet before the crosswalk, he noticed that the light was yellow. He hit his brakes when he realized he "wasn't going to make it." He then hit Lysholm's truck. This information certainly raises a triable issue as to Karlos's negligence in this action and constitutes a reasonable claim on the merits.

### 2. Reasonable excuse for neglect.

■ Lysholm's attorney stated that he thought the case was not subject to the dismissal rule because it had been stricken from the trial court calendar by stipulation of the parties. This court has found a similar view of the application of a statute to be a reasonable excuse for neglect. *See Sand v. School Service Employees Union, Local 284*, 402 N.W.2d 183, 186 (Minn.Ct. App.1987) (reasonable to interpret statute allowing party to compel arbitration to also stay proceedings in trial court, although statute did not stay proceedings unless expressly ordered). We find that the attorney's mistake was reasonable.

### 3. Due diligence.

■ Upon learning of the dismissal, Lysholm's counsel immediately sought assurances that the case mistakenly was dismissed. Shortly thereafter, Judge Porter scheduled a pretrial settlement conference.

Under these circumstances, it is reasonable to assume that the case was not actu-

ally dismissed in August 1986. The effective dismissal would then have occurred on January 16, 1987. Lysholm filed a motion to vacate the dismissal on February 23, 1987, a little over one month later. This court has found that acting after passage of time periods exceeding one month was acting with reasonable diligence. *Nelson v. Siebert,* 411 N.W.2d 229, 231 (Minn.Ct. App.1987). Lysholm's counsel acted with due diligence.

### 4. Substantial prejudice.

■ Karlos argues that he has been substantially prejudiced throughout the litigation process by Aetna's treatment of this case. However, "delays prior to the date of dismissal are irrelevant to this issue." *Lund v. Pan American Machines Sales,* 405 N.W.2d 550, 554 (Minn.Ct.App.1987).

Karlos argues that he has incurred additional expense in meeting Aetna's attempts to vacate this judgment and in updating discovery materials. The cost of litigating the propriety of the dismissal always is borne by a party opposed to the vacation of a judgment, so additional expense could not be the basis of "substantial prejudice." Karlos presumably would have had to update the discovery materials if the case was not dismissed, so we find no substantial prejudice in vacating this judgment.

### DECISION

As appellant has clearly met the requirements of Rule 60.02 for vacation of a judgment entered due to excusable attorney neglect, the trial court abused its discretion in denying that request. We reverse the judgment and remand for further proceedings.

Reversed and remanded.