Mabel NELSON, Appellant,

v.

Richard C. SIEBERT, M.D.,
Respondent.

No. C2–87–296.

Supreme Court of Minnesota.

Sept. 9, 1988.

Robert C. Hoene, St. Paul, for appellant.

Kay Nord Hunt, Paul C. Peterson, Minneapolis, for respondent.

AMDAHL, Chief Justice.

We granted the petition of Richard C. Siebert, M.D. for further review of a court of appeals' decision reversing the trial court's denial of Mabel Nelson's motion to vacate a dismissal entered pursuant to Rule 4.03 of the Fourth Judicial District, the blanket dismissal rule. *Nelson v. Siebert*, 411 N.W.2d 229 (Minn.App.1987). While we agree with the court of appeals that the trial court did abuse its discretion in refusing to vacate the dismissal, it is necessary to clarify the application of the standards by which such a motion to vacate is tested.

In October 1983, Nelson commenced a medical malpractice action against Siebert. Although Nelson's attorney neglected to file the initial pleadings, Siebert's answer, which was served on October 20, was filed with the Hennepin County District Court. The case was assigned a file number and that number was used on subsequent interrogatories. The parties engaged in limited negotiations after the exchange of interrogatories but otherwise, no file activity occurred.

On July 10, 1986, Nelson's attorney discovered the original summons and complaint in his file. When he attempted to file the pleadings with the court, he was informed that the case had been dismissed with prejudice because neither party had

certified the case ready for trial or moved for a continuance prior to July 1, 1986.

Nelson's September 1986 motion to vacate was denied by the trial court and the court of appeals reversed. The appellate court concluded that the trial court should have vacated the order because Nelson "has a reasonable claim on the merits, her neglect was not inexcusable, she acted with due diligence, and vacation will not substantially prejudice the respondent." *Nelson,* 411 N.W.2d at 231. It is necessary to clarify this language in light of our recent decision in *Charson v. Temple Israel,* 419 N.W.2d 488 (Minn.1988).

In *Charson,* we stated that in ruling on a motion to vacate a final order of dismissal under Rule 4.03, a trial court should analyze the motion in accordance with Minn.R. Civ.P. 60.02. *Charson,* 419 N.W.2d at 492. Nelson's action was dismissed due to her attorney's neglect.

Rule 60.02 does provide relief from a default judgment when the claim is based on "[m]istake, inadvertence * * * or excusable neglect." Rule 60.02; *Charson,* 419 N.W.2d at 490. Relief from a judgment entered after dismissal is within the discretion of the trial court and an appellate inquiry is limited to whether the trial court abused that discretion.

In *Charson,* we reaffirmed this court's analysis of motions seeking relief from default orders and judgments under the four-pronged test enunciated more than 20 years earlier in *Finden v. Klaas,* 268 Minn. 268, 128 N.W.2d 748 (1964); *Charson,* 419 N.W.2d at 491; *see also, Kosloski v. Jones,* 295 Minn. 177, 203 N.W.2d 401 (1973).

A defendant should be relieved from an attorney's neglect when that party "(a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, (d) [shows] that no substantial prejudice will result to the other party." *Finden* 268 Minn. at 271, 128 N.W.2d at 750; *Charson,* 419 N.W.2d at 491.

We agree that the record here demonstrates that counsel acted with due diligence after discovering that a dismissal had occurred and that plaintiff has a reasonable claim on the merits. However, the court of appeals' application of the "not inexcusable" test by which to examine counsel's neglect has the effect of requiring a lesser showing than intended by our analysis in either *Finden* 268 Minn. at 271, 128 N.W.2d at 750 or *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). While our review of the documentation offered in accordance with the correct standard satisfies this court that a "reasonable excuse" did exist, it is imperative that the correct standard be applied.

Additionally, it is necessary to comment that the court of appeals appears to have placed the burden on the prevailing party to provide a factual basis for an assertion of prejudice: "Siebert does not indicate the factual basis for his assertion of general prejudice nor argue prejudice specific to himself." *Nelson,* 411 N.W.2d at 231. We reiterate that the burden, by application of the *Finden* test, remains that of the moving party to establish that no substantial prejudice will result to the other party. *Finden,* 128 N.W.2d at 750. Nonetheless, again, our independent review of the record does establish that Nelson demonstrated that no substantial prejudice will result to Siebert other than the delay in these proceedings. That delay, in itself, is an insufficient ground to establish prejudice. *Charson,* 419 N.W.2d at 491.

We therefore conclude that Nelson has satisfied her burden of demonstrating the existence of the four elements of the *Finden* analysis. As a result, the trial court abused its discretion in denying the motion to vacate the dismissal.

AFFIRMED.

POPOVICH, J., took no part.