**IMPERIAL PREMIUM FINANCE, INC., Respondent,**

v.

**GK CAB COMPANY, INC., defendant and third party plaintiff, Appellant,**

v.

**The Insurance Corporation of New York, f/k/a Reinsurance Corporation of New York, third party defendant, Respondent.**

No. C0–99–1176.

Court of Appeals of Minnesota.

Jan. 4, 2000.

al unreasonable:

Alicia Rae Drake, Messerli & Kramer, P.A., Minneapolis, MN (for respondent Imperial Premium Finance).

Steven B. Nosek, Terrance J. Wagener, Dunkley, Bennett & Christensen, PA, Minneapolis, MN (for appellant).

Daniel J. Ryan, Johnson & Van Vliet, L.L.P., St. Paul, MN (for respondent Insurance Corporation of New York).

Considered and decided by DAVIES, Presiding Judge, FOLEY, Judge, and MULALLY,* Judge.

## OPINION

DANIEL F. FOLEY,** Judge.

GK Cab Company, Inc. appeals the district court's decision to vacate a default judgment it held against respondent The Insurance Corporation of New York, f/k/a Reinsurance Corporation of New York (INSCORP), and seeks attorney fees and costs in the district court and on appeal. We affirm the district court's refusal to award attorney fees and costs, reverse its decision to vacate the default judgment, and deny attorney fees and costs on appeal.

## FACTS

In June 1995 GK Cab purchased commercial insurance from INSCORP for the policy period July 5, 1995 through July 5, 1996. GK Cab arranged to finance $125,-550 of the $143,500 annual premium with Imperial Premium Finance, agreeing to pay Imperial $129,771.99 in nine equal

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

\*\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

monthly installments. GK Cab gave Imperial the right to cancel the policy if GK Cab failed to make its monthly payments to Imperial.

In late 1995, another insurance company (Clarendon) began writing taxicab policies in Minnesota, offering lower rates than GK Cab was paying to INSCORP. GK Cab asked INSCORP to reduce its premium, claiming that its loss history for the first four months of the policy had improved sufficiently to warrant the adjustment. INSCORP refused to reduce the premium. GK Cab stopped making its monthly payments to Imperial and applied to Clarendon for coverage.

Because GK Cab stopped making its monthly payments, Imperial cancelled the policy, informing GK Cab that if the premiums returned from INSCORP were insufficient to pay off GK Cab's loan, Imperial would bill GK Cab for the balance. After INSCORP refunded to Imperial the premium paid but unearned on GK Cab's policy, GK Cab still owed Imperial $18,000.41. Imperial demanded that GK Cab pay this amount plus interest. When GK Cab refused to pay, Imperial sued.

After Imperial sued GK Cab, GK Cab received permission to amend its pleadings to include a third-party complaint against INSCORP. GK Cab filed an affidavit of service in which the process server swore that on April 17, 1998 he personally served GK Cab's summons and complaint on Steven J. Cohen, the person registered with the Minnesota Commerce Department, Insurance Division as the agent appointed to accept service of process on behalf of INSCORP. The affidavit of service contains a physical description of Cohen, including his age, sex, race, height, weight, and hair color. Cohen, however, does not recall being served, and INSCORP's suit log does not reflect the service.

INSCORP made no appearance in the action; accordingly, in June 1998 GK Cab sought a default judgment. On September 14, 1998, the district court granted GK Cab default judgment against INSCORP

for $18,000.41; plus interest and attorney fees. On that same day, GK Cab executed a confession of judgment in Imperial's favor for that same amount. GK Cab's judgment against INSCORP was entered on September 30, 1998. INSCORP claims it was not served with notice of entry of judgment.

In December 1998, GK Cab began garnishment proceedings to collect the default judgment from an insurance broker that represented INSCORP's public livery program in Minnesota. On January 4, 1999, INSCORP filed a motion to vacate the default judgment.

After a hearing, the district court granted INSCORP's motion to vacate the default judgment on the condition that INSCORP deposit with the court a supersedeas bond for $18,000.41. GK Cab requested that the court reconsider its ruling. Alternatively, GK Cab asked the court to vacate or stay enforcement of the confessed judgment in favor of Imperial, and also asked the court for attorney fees and costs. The court refused to reconsider its judgment or to award GK Cab attorney fees and costs, but it did stay enforcement of the confessed judgment. GK Cab timely appealed, and has moved this court for an award of attorney fees on appeal.

## ISSUES

1. Did the district court abuse its discretion by vacating the default judgment against INSCORP?

2. Did the district court abuse its discretion by refusing to award GK Cab its attorney fees and costs?

3. Should this court award GK Cab its attorney fees and costs incurred in prosecuting this appeal?

## ANALYSIS

### I. Default Judgment

■ The decision to open a default judgment rests within the district court's

discretion and will not be reversed absent an abuse of discretion. *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). The record is viewed in the light most favorable to the trial court's order. *Bentonize, Inc. v. Green,* 431 N.W.2d 579, 582 (Minn.App.1988).

Minn. R. Civ. P. 60.02 provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from final judgment * * * and may order a new trial or grant such other relief as may be just for the following reasons: (a) Mistake, inadvertence, surprise, or excusable neglect.

A party seeking relief under rule 60.02 must demonstrate (1) a reasonable case on the merits, (2) a reasonable excuse for the failure to act, (3) that it acted with due diligence after notice of the entry of judgment, and (4) that there would be no substantial prejudice to the opposing party if the motion to vacate is granted. *Finden v. Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). The moving party bears the burden of proving all four of the elements, including lack of prejudice. *Nelson v. Siebert,* 428 N.W.2d 394, 395 (Minn.1988). A strong showing on the other factors may offset relative weakness on one factor. *Armstrong v. Heckman,* 409 N.W.2d 27, 29 (Minn.App.1987), *review denied* (Minn. Sept. 18, 1987). Default judgments are to be "liberally" reopened to promote resolution of cases on the merits. *Galatovich v. Watson,* 412 N.W.2d 758, 760 (Minn.App. 1987).

### A. Reasonable Defense on the Merits

Before relief will be granted under rule 60.02, the moving party must "establish to the satisfaction of the court that it possesses a meritorious claim." *Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988). The existence of a reasonable defense on the merits must ordinarily be demonstrated by more than conclusory allegations in moving papers. *Id.*

But GK Cab's lawsuit against IN-SCORP is based on the theory that GK Cab entered into the insurance contract with INSCORP based on INSCORP's representation that it would reduce GK Cab's premium after three or four months if the loss history warranted it. INSCORP, however, has specifically denied that it made any such representation. In this situation, INSCORP's denial is sufficient to constitute a reasonable defense for the purpose of the *Finden* test:

> Since the plaintiff's cause of action is based on the theory that he entered the contract * * * in reliance on false representation made by defendants, the specific denial by defendants that the claimed assertions were made presents a reasonable defense.

*Johnson v. Nelson,* 265 Minn. 71, 73–74, 120 N.W.2d 333, 336 (1963). The district court did not abuse its discretion by finding that this factor of the *Finden* test was satisfied.

### B. Reasonable Excuse for Failure to Answer

INSCORP contends that it has a reasonable excuse for not responding to GK Cab's lawsuit because it did not receive service of the summons and complaint. But GK Cab filed a process server's sworn statement that he personally served the summons and complaint on Steven Cohen, INSCORP's registered agent for service of process. The affidavit of service contains a physical description of Cohen, including his age, sex, race, height, weight, and hair color. INSCORP does not dispute that the physical description of Cohen in the affidavit of service is accurate.

INSCORP does not expressly deny that it was served with GK Cab's suit. Instead, it offers Steven Cohen's affidavit, in which he says that he *does not remember* being served. He also explains that he has a regular procedure he follows when receiving service of process in lawsuits, including entering the lawsuit into a log, faxing the

papers to the person responsible for responding, mailing the papers to the same person with a cover letter, and keeping a copy of the papers for his records. Cohen never expressly asserts that he was not served; he merely says he does not remember, the suit is not reflected in his log, and he does not have a copy of the papers.

A party challenging an affidavit of service must overcome it by clear and convincing evidence. *Peterson v. Eishen,* 495 N.W.2d 223, 225–26 (Minn.App.1993), *aff'd,* 512 N.W.2d 338 (Minn.1994). Cohen's affidavit statements are just as consistent with INSCORP receiving service but losing the papers as they are with INSCORP not receiving the service. As such, they do not suffice to overcome the affidavit of service by clear and convincing evidence.

In fact, there is evidence in the record that suggests that INSCORP did indeed receive service. INSCORP has admitted that Philip LeFebvre of Professional Insurance Underwriters, the managing general agent for INSCORP, found the summons and complaint on his desk on April 20, 1998, only three days after the affidavit of service states it was personally served on Cohen. INSCORP denies knowledge of how the papers reached LeFebvre, and according to INSCORP, "LeFebvre's whereabouts are unknown."

Considering GK Cab's sworn affidavit of personal service, INSCORP's failure to expressly deny that it received service, and the possession by its managing agent (though INSCORP points out he was not an employee of INSCORP) of the summons and complaint only three days after the affidavit of service says it was served on Cohen, INSCORP did not show by clear and convincing evidence that it did not receive GK Cab's suit. Its failure to respond was therefore chargeable to its own neglect or negligence. "Neglect of the party itself which leads to entry of a default judgment is inexcusable, and such neglect is a proper ground for refusing to reopen a judgment." *Howard v. Frondell,*

387 N.W.2d 205, 208 (Minn.App.1986), *review denied* (Minn. July 31, 1986). As a result, the district court abused its discretion in finding that INSCORP satisfied its burden on this factor.

### C. Due Diligence after Discovering Default

INSCORP argues that it first learned of the default in December 1998, when GK Cab started garnishment proceedings, and filed its motion to vacate the default judgment on January 4, 1999. GK Cab alleges that INSCORP learned of the default judgment after it was entered on September 30, 1998, when "the District Court Administrator sent notice of entry of the default judgment to all parties, including INSCORP." *See* Minn. R. Civ. P. 77.04 (requiring court administrator to serve judgment "upon every party affected thereby * * * whether or not such party has appeared in the action.").

It does not matter which party's version of the facts is correct. Only about three months elapsed between entry of the default judgment and INSCORP's motion to vacate. Rule 60.02 requires a motion under 60.02 to be made within one year, and this court has held that acting within three months is due diligence. *Kemmerer v. State Farm Ins. Cos.,* 513 N.W.2d 838, 841 (Minn.App.1994). The district court did not abuse its discretion in finding that this factor was satisfied.

### D. Absence of Prejudice to Non-moving Party

The party seeking to vacate a judgment has the burden of establishing that no substantial prejudice will result to the other party. *Nelson,* 428 N.W.2d at 395. In the context of rule 60.02, the delay and expense of additional litigation, without more, do not create sufficient prejudice to defeat a motion to vacate. *Charson,* 419 N.W.2d at 491–92.

GK Cab argues that it has been prejudiced in two substantial ways by the court

vacating the default judgment. First, relying on the default judgment, GK Cab confessed judgment in Imperial's favor for $18,000.41, the same amount as GK Cab's default judgment against INSCORP. Both INSCORP and the district court asserted that the district court's stay of the confessed judgment eliminated any possible prejudice to GK Cab, but that is clearly incorrect: by confessing judgment, GK Cab gave up its right to contest liability against Imperial and the chance that it might be found not liable. It did so in reliance on its default judgment against INSCORP, but now that rug has been pulled out from under it. The prejudice to GK Cab is clear.

Second, GK Cab claims it is prejudiced because an important witness has died. James Fee, an insurance broker, was the only witness to the conversation between GK Cab and INSCORP in which GK Cab claims INSCORP made the representations that form the basis of GK Cab's claims against INSCORP. But Fee died in January 1999. GK Cab states that "[d]ue to the default of INSCORP, Mr. Fee's statement and/or testimony was never memorialized in any form * * * and is now forever unavailable."

This court has implied that the unavailability of witnesses is a relevant factor in determining prejudice. *See Riemer v. Zahn,* 420 N.W.2d 659, 662 (Minn.App. 1988) (finding lack of prejudice because "[t]he record does not indicate that the evidence has been substantially affected or that witnesses are now unavailable."). INSCORP argues that GK Cab has no evidence that Fee's statement would have helped it, but the burden to show lack of prejudice is on INSCORP, not on GK Cab. *Nelson,* 428 N.W.2d at 395. Where the parties engage in a swearing battle about the content of a conversation, a witness to the conversation is obviously crucial. Such a witness existed at the time GK Cab filed the third-party complaint and at the time it took INSCORP's default. To vacate that default judgment now, after the wit-

ness has died, obviously prejudices GK Cab.

Each of these circumstances itself would probably suffice to prevent INSCORP from carrying its burden of showing a lack of prejudice to GK Cab; both of them together unquestionably do. The district court abused its discretion in concluding that this factor of the *Finden* test was satisfied.

### E. Conclusion Drawn from Finden Analysis

■ The party seeking relief from a default judgment has the burden of proving all four factors of the *Finden* test. *Nelson,* 428 N.W.2d at 395. Several cases suggest, however, that a strong showing on three factors may offset relative weakness on one factor. *See, e.g., Armstrong,* 409 N.W.2d at 29. But INSCORP has failed to satisfy two factors: that it has a reasonable excuse for its failure to answer and that vacating the default judgment will cause no substantial prejudice to GK Cab. As a result, the district court abused its discretion in vacating the default judgment against INSCORP.

### II. Attorney Fees and Costs in District Court

GK Cab first asked for its costs and attorney fees in a letter seeking reconsideration of the district court's decision vacating the default judgment, which did not award fees to either party. The district court did not specifically address GK Cab's request for fees in its order denying reconsideration.

■ We review a district court's decision whether to award attorney fees for abuse of discretion. *Pfleiderer v. Pfleiderer,* 591 N.W.2d 729, 733–34 (Minn.App. 1999). INSCORP's motion to vacate the default judgment was not meritorious, but neither was it frivolous. INSCORP satisfied two of the four *Finden* factors, including having a reasonable defense on the merits, and made colorable arguments on

the other two. Given INSCORP's colorable arguments and the lateness of GK Cab's request, the court did not abuse its discretion in refusing to award GK Cab its costs and attorney fees.

### III. Attorney Fees and Costs on Appeal

■■■■ GK Cab also seeks attorney fees and costs on appeal. The decision to award attorney fees on appeal is within our discretion. *Case v. Case*, 516 N.W.2d 570, 574 (Minn.App.1994). GK Cab chose to appeal the district court's decision; IN-SCORP merely responded to that appeal. *See Allstate Ins. Co. v. Allen*, 590 N.W.2d 820, 823 (Minn.App.1999) (award of attorney fees not merited where district court had found in respondent's favor, and respondent merely responded to appeal). Because INSCORP's arguments on appeal are not entirely frivolous, we deny GK Cab's motion for attorney fees on appeal. *Pfleiderer*, 591 N.W.2d at 734.

### DECISION

The district court abused its discretion by vacating GK Cab's default judgment against INSCORP. We reverse the district court's decision to vacate the default judgment, affirm its decision not to award attorney fees, and deny the motion for attorney fees on appeal. The money judgment in favor of GK Cab against IN-SCORP is ordered to be reinstated.

**Affirmed in part and reversed in part; motion denied.**