*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1255**

Pearlene Willis,
Respondent,

vs.

Larkins Construction, LLC,
Appellant.

**Filed May 11, 2015
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CV-12-7615

Chad D. Lemmons, Kelly & Lemmons, P.A., Little Canada, Minnesota (for respondent)

Karen R. Cole, Law Office of Karen Cole, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Reilly, Judge.

# U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

Appellant challenges the district court's order denying its motion to vacate default judgment under Minnesota Rule of Civil Procedure 60.02. Because the district court did not abuse its discretion by determining that the legal factors did not support vacation of the judgment, we affirm.

**FACTS**

Respondent is a homeowner living in St. Paul, Minnesota. Respondent was experiencing a problem with rain water entering the interior of her home through leaks in her roof and exterior siding. In October 2010, respondent entered into a contract with appellant-construction company to repair her roof. The parties dispute the scope of this agreement. Respondent claims that appellant agreed to make the exterior repairs needed to prevent water from entering her home, and included roof sheathing, shingles, fascia, and exterior siding. Appellant agrees that it entered into a contract to make repairs to the property but contends that it only agreed to fix respondent's shingles. Appellant claims that it informed respondent that the work to the shingles would not fix any possible structural damage to her roof but, despite these warnings, respondent chose only to fix the shingles and make other minor repairs to the gutters and downspouts because those were the only expenses for which she could seek reimbursement through her insurance company.

Appellant made the initial repairs to respondent's shingles and gutters. Respondent did not pay appellant for this work. In July 2011, appellant filed a complaint against respondent in conciliation court alleging, breach of contract and seeking money damages. A contested hearing was held and both parties appeared. In August 2011, the conciliation court determined that appellant was entitled to judgment against respondent in the total amount of $2,575 for breach of contract for the outstanding amount due under the contract. The judgment was stayed to allow time for removal or appeal, but

2

respondent did not file a demand for removal to the district court or otherwise appeal the decision.

In October 2012, respondent filed a complaint in district court asserting claims for breach of contract and negligence and seeking damages in excess of $35,000. Respondent alleged that appellant failed to complete the agreed upon repairs, leaving her home exposed to the elements and ultimately leading to water damage to the interior of her home and to the clothing in her closet. Respondent also noted that a building inspection of her home found that corrections were needed to the roof deck, fascia, gutters, and siding.

In October 2013, respondent moved for default judgment against appellant in the amount of $52,000. The motion was unopposed. The district court granted default in respondent's favor and awarded damages in the total amount of $52,000, including $37,000 for the cost of repairs and $15,000 for damage to her personal property inside the home damaged as a result of the water leak. Judgment was subsequently entered on October 30, 2013. On February 11, 2014, appellant moved to vacate the judgment under Rule 60.02 of the Minnesota Rules of Civil Procedure. The district court issued an order on May 20, 2014, denying the motion for relief. This appeal followed.

## DECISION

Appellant challenges the district court's denial of its motion to vacate default judgment. The district court has discretion to grant relief from final judgment and that decision will not be reversed on appeal absent a clear abuse of discretion. *Foerster v. Folland*, 498 N.W.2d 459, 460 (Minn. 1993). We view the record in the light most

3

favorable to the district court's order. *Bentonize, Inc. v. Green*, 431 N.W.2d 579, 582 (Minn. App. 1988).

A district court may grant relief from final judgment for "[m]istake, inadvertence, surprise, or excusable neglect" or for "[a]ny other reason justifying relief from the operation of the judgment." Minn. R. Civ. P. 60.02(a), (f). A party seeking to prevail under rule 60.02 must establish the following four factors: "(1) a reasonable case on the merits; (2) a reasonable excuse for the failure to act; (3) action with due diligence after the entry of judgment; and (4) lack of prejudice to the opposing party." *Reid v. Strodtman*, 631 N.W.2d 414, 419 (Minn. App. 2001). All four elements must be proved, although a "strong showing on the other factors may offset relative weakness on one factor." *Imperial Premium Fin., Inc. v. GK Cab Co.*, 603 N.W.2d 853, 857 (Minn. App. 2000). The burden of proof rests on the party seeking relief. *City of Barnum v. Sabri*, 657 N.W.2d 201, 205 (Minn. App. 2003).

A. **Reasonable Defense on the Merits**

Appellant bears the burden of demonstrating a reasonable defense on the merits. *Reid*, 631 N.W.2d at 419. This factor requires "[s]pecific information that clearly demonstrates the existence of a debatably meritorious defense." *Northland Temporaries, Inc. v. Turpin*, 744 N.W.2d 398, 403 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008). Thus, "conclusory allegations in [the] moving papers" are ordinarily insufficient to demonstrate a meritorious claim or defense. *Bentonize, Inc.*, 431 N.W.2d at 583. The reasonable-defense factor may be satisfied by specific information in an affidavit. *See Valley View, Inc. v. Schutte*, 399 N.W.2d 182, 186 (Minn. App. 1987) (stating a valid

4

defense may be presented in affidavit, answer, or in the record), *review denied* (Minn. Jan. 13, 1987).

The district court granted respondent's motion for default judgment based in part on appellant's failure to respond to the motion or otherwise answer the complaint. However, the district court also addressed the case on its merits and concluded that respondent was entitled to judgment on its negligence claim as follows:

> Based upon the contract between the parties, the fact that the city building inspector found major flaws in the work, the failure of [appellant] to meet with that inspector, and finally, [appellant's] failure to cure these material flaws, the Court would be hard pressed to find that [appellant] has a meritorious defense to this case.[1]

Appellant denies that it is responsible for respondent's damages and argues that "[d]amage due to any leaking of the roof was not due to the work [appellant] had contracted to do and that it had done." The parties each submitted affidavits in support of their respective positions and the district court had the benefit of this evidence in making its factual findings. The district court credited respondent's affidavit over that of appellant. We defer to the factual findings of the district court, unless they are clearly erroneous. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999).

---

[1] Respondent's complaint asserted claims for breach of contract, negligence, breach of express warranty, and breach of implied warranty of fitness for a particular purpose. The district court chose to address only one of these claims in its analysis of whether appellant had a reasonable defense on the merits. Because our function "is limited to identifying errors and then correcting them," we will not determine issues of fact bearing on the remaining three causes of action. *See Michaels v. First USA Title, LLC*, 844 N.W.2d 528, 532 (Minn. App. 2014) (recognizing that this court will "only review legal questions that the record demonstrates were actually raised in, and decided by, the district court").

Moreover, "[t]he discretion of the district court in opening a default judgment is particularly broad when the court's decision is based upon an evaluation of conflicting affidavits." *Roehrdanz v. Brill*, 682 N.W.2d 626, 631-32 (Minn. 2004). We determine that the district court acted within its discretion in denying the motion to vacate based on its analysis of the evidence submitted. *See id.* at 632 ("Because the court made findings of fact based upon conflicting evidence and applied the correct [four-factor] analysis to those findings, we hold that the district court's denial of [movant's] motion did not constitute an abuse of discretion.").

## B. Reasonable Excuse for Failure to Act

Appellant claims it had a reasonable excuse for not responding to the lawsuit because it "reasonably believed" it had not been served with a summons and complaint.[2] Generally, "[i]t is for the [district] court to determine whether the excuse offered by a defaulting party is reasonable." *Howard v. Frondell*, 387 N.W.2d 205, 208 (Minn. App. 1986), *review denied* (Minn. July 31, 1986). Neglect of the party itself which leads to entry of a default judgment is inexcusable and is a proper ground for refusing to reopen a judgment. *Id.*

Here, appellant was served with the complaint on September 25, 2012. In October 2012, appellant received a notice of case filing and judicial assignment from the district court. The next correspondence appellant received was a district court notice directing the parties to file informational statements. Appellant also received a scheduling order

---

[2] Appellant initially contested service of process but has since waived that challenge.

from the district court in February 2013. Appellant did not respond to any of these communications and does not dispute that it received the district court notices.

In October 2013, respondent moved for default judgment. The district court determined that the record "does not evidence a reasonable excuse for failure to answer or defend." In reaching this conclusion, the district court stated that appellant had notice of the action and acknowledged receipt of the district court's scheduling order and other court notices, but failed to make any response to the court itself or to respondent. Based on this record, we hold that the district court did not abuse its discretion in determining that appellant did not have a reasonable excuse for failing to act. *See Hovelson v. U.S. Swim & Fitness, Inc.*, 450 N.W.2d 137, 142 (Minn. App. 1990) (stating that when the party "lost" the summons and complaint, the resulting negligence "was caused by [the party's] own acts and is therefore not to be excused"), *review denied* (Minn. Mar. 16, 1990).

## C. Due Diligence after Notice

A party seeking relief must act with due diligence after notice of the entry of judgment. *Reid*, 631 N.W.2d at 419. The district court issued an order granting default judgment on October 17, 2013, and judgment was entered on October 30. Rule 60.02 requires that a motion to vacate be made "not more than 1 year after the judgment . . . was entered." Minn. R. Civ. P. 60.02. Appellant filed its motion to vacate on February 11, 2014, three months after entry of judgment. We have previously held that "acting within three months is due diligence." *Black v. Rimmer*, 700 N.W.2d 521, 528 (Minn. App. 2005); *Kemmerer v. State Farm Ins. Cos.*, 513 N.W.2d 838, 841 (Minn.

App. 1994).  On this record, we hold that appellant acted with due diligence after entry of judgment and this prong of the test is satisfied.

### D. Prejudice to Opposing Party

The party seeking relief from final judgment bears the burden of establishing that no substantial prejudice will result to the other party.  *Nelson v. Siebert*, 428 N.W.2d 394, 395 (Minn. 1988).  The district court determined that "the prejudice to [appellant] is substantial," based on the fact that respondent's roof continues to leak over four years after appellant worked on it and vacating the judgment could result in a delay in her ability to recover from the Minnesota Contractor's Recovery Fund.  *See* Minn. Stat. § 326B.89, subds. 2, 4, 6 (2012) (creating recovery fund to compensate owners of residential real estate for fraudulent, deceptive, or dishonest practices).  Appellant challenges this finding.

In general, "substantial prejudice" does not exist when the only prejudicial effect is additional expense and delay.  *Black*, 700 N.W.2d at 528.  However, we recognize an exception to the general rule:

> If it is perceived by the trial court that there is intentional ignoring of process, the additional expense must be viewed in a different light. To force a claimant to go to the expense of a hearing in court, to gather evidence and expert testimony and the concomitant preparation, all either by inexcusable neglect or by intent, colors the prejudice with a deeper hue.

*Hovelson*, 450 N.W.2d at 142.

The district court determined that appellant "intentionally ignored the legal process for a year, responding only when there was a judgment entered against [it],

detract[ing] from any argument [it] might have regarding prejudice." The record provides support for the district court's finding that appellant did not take action to respond to the lawsuit, despite acknowledging that it received several communications from the district court. Accordingly, we hold that the district court did not abuse its discretion in determining that appellant failed to satisfy this prong of the test.

**Affirmed.**