**In the Matter of the CONSERVATOR-SHIP OF Peter R. BROMLEY, Conservatee.**

**No. C9–84–1074.**

Court of Appeals of Minnesota.

Dec. 31, 1984.

David L. Kraker, Minneapolis, for appellant.

Gerald R. Keating, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

NIERENGARTEN, Judge.

### FACTS

Rebecca Hawn was appointed guardian of the person and estate of Peter Bromley, who was severely injured in a motorcycle accident. After she posted a guardian bond of $2,000 on February 21, 1980, Hawn retained attorney Alan Segal to prosecute Bromley's personal injury claim. On June 27, 1980, the probate court approved a settlement of the claim for $100,000, allowing $25,000 as attorney fees. No additional bond was requested by attorney Segal to protect the increased assets of Bromley.

On July 19, 1983, the probate court found Hawn had improperly managed the settlement funds and surcharged her $6,887.50 for disallowed disbursements. Hawn was discharged and Phyllis Linn was appointed conservator.

On December 5, 1983, Linn moved the court for various relief, including reduction of the attorney fees previously awarded. On May 16, 1984, the court reduced the fees by "$4,000 for lack of completion of the settlement matter and deficiency of performance in follow-up review * * *" on the basis of Segal's failure to request a bond review by the court. Segal appeals.

### DECISION

The probate court may:

correct, modify, vacate, or amend its records, orders and decrees:

    *       *       *       *       *       *

(c) Within two years after petitioner's discovery thereof, for fraud, whether intrinsic or extrinsic, or misrepresentation unless petitioner be a party to such fraud * * *"

Minn.Stat. § 525.02 (1982).

"The probate courts have the same power and authority to vacate their orders and judgments as the district courts, but no greater." *In re Estate of Woodworth,* 207 Minn. 563, 567, 292 N.W. 192, 194 (1940). Fraud sufficient to vacate a judgment pursuant to Minn.R.Civ.P. 60.02 occurs when a party intentionally misleads or deceives the court as to material circumstances. *Halloran v. Blue and White Liberty Cab Co.,* 253 Minn. 436, 442, 92 N.W.2d 794, 798 (1958).

Here, the trial court made no finding that either Hawn or Segal perpetrated a fraud or intentional deception. The record does not support the conclusion that Segal's failure to request a review of the

conservator's bond amounted to fraud. In the absence of fraud, the court was not authorized to modify the order almost four years after it was signed.

Reversed.