**In the Matter of the WELFARE OF B.J.J., Child.**

**No. CX–91–809.**

Court of Appeals of Minnesota.

Oct. 29, 1991.

---

Wayne H. Swanson, Polk County Atty., Cynthia E. Ostlie, Asst. Polk County Atty., Crookston, for appellant Polk County.

John D. Jeffrey, Lindquist & Jeffrey, East Grand Forks, for respondent Father.

Considered and decided by HUSPENI, P.J., and NORTON and PETERSON, JJ.

## OPINION

PETERSON, Judge.

Polk County appeals from a trial court order dismissing the county's motion to vacate a judgment terminating a father's parental rights.

## FACTS

The unmarried parents of infant B.J.J. consented to the termination of their parental rights, and an agency licensed to place children in the State of Minnesota petitioned the trial court for termination of parental rights. The county was not served notice of the hearing and did not appear. The trial court granted the petition and awarded legal custody of B.J.J. to the agency for placement into an adoptive home. Judgment was entered on March 21, 1990.

Before B.J.J. was placed into an adoptive home, the mother indicated she wished to withdraw her consent to the termination of her parental rights and the trial court conducted a hearing to review the termination. An Assistant Polk county attorney was present and participated in the hearing. On May 30, 1990 the trial court issued an order vacating the portion of the March 21, 1990 judgment terminating the mother's parental rights. The order states the part of the judgment terminating the father's parental rights shall remain in full force and effect. The May 30, 1990 order was not appealed.

On October 25, 1990 the county filed a motion to vacate the judgment terminating the father's parental rights pursuant to Minn.R.Civ.P. 60.02. The trial court dismissed the motion. This appeal followed.

## ISSUE

Is a change in circumstances after judgment a mistake that provides a basis for vacating the judgment under Minn.R.Civ.P. 60.02?

## ANALYSIS

The right to be relieved of final judgment on the basis of mistake, inadver-

tance, surprise or excusable neglect, is not absolute, and absent clear abuse of discretion, the trial court's decision will be upheld. *Lund v. Pan American Machine Sales*, 405 N.W.2d 550, 552 (Minn.App. 1987). To prevail on a motion under Rule 60.02 appellant must show, among other things, a reasonable claim on the merits. *Hinz v. Northland Milk and Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). Even in situations where the catch-all provision of the rule allowing parties relief from final judgments is applicable, movants must first establish a meritorious claim. *Western Lake Superior Sanitary Dist. v. Interpace Corp.*, 454 N.W.2d 449, 452 (Minn.App.1990).

■ In its motion to vacate the judgment terminating the father's parental rights the county asserted only that the judgment should be vacated because the best interests of B.J.J. "provide that the child have both a natural mother and a natural father." The county did not assert any of the permitted bases for vacating a judgment under Rule 60.02. However, in support of its motion, the county argued that the judgment terminating the father's parental rights was the result of a mistaken belief that B.J.J. would be placed in an adoptive home, thus providing B.J.J. with a mother and a father.

The mistake the county alleges in support of its motion was not a mistake that affected the termination. It was a change of circumstances following the termination. At the time of the termination hearing, it was expected that B.J.J. would be adopted. The fact that B.J.J.'s mother later changed her mind about the termination does not constitute a mistake by any of the parties. The understanding of all parties was correct at the time of the hearing. Circumstances changed when an unexpected event occurred following the judgment. The county cannot rely solely on events that occurred after the judgment to establish a basis for opposing the petition. The basis for opposition must have existed at the time the petition was heard.

The unexpected event that occurred following the judgment was the vacation of the judgment that terminated the parental rights of B.J.J.'s mother. The county argues that the trial court's dismissal of the motion to vacate the judgment terminating the father's parental rights was an abuse of discretion because it is not in the best interests of B.J.J. to terminate the parental rights of one parent without terminating the rights of the other parent. However, the trial court did not terminate the rights of just one parent. The rights of both parents were terminated. The court reinstated the rights of just one parent.

The contention that the judgment terminating the father's parental rights is not in the best interests of B.J.J. in light of changed circumstances does not provide a basis for vacating the judgment under Rule 60.02.

Rule 60.02 is intended to correct mistake or inadvertence *of a party*, or to allow for newly discovered evidence, or for void or satisfied judgments, *not to correct judicial error.*

*Arzt v. Arzt*, 361 N.W.2d 135, 136 (Minn. App.1985) (emphasis added).

Furthermore, the county now argues that dismissing the motion to vacate the judgment terminating the father's parental rights was an abuse of the trial court's discretion because it denied B.J.J. the right to have two parents. However, it was the May 30 order that left B.J.J. with only one parent. The county participated in the review hearing held to consider vacation of the judgment that terminated the mother's parental rights and made no objection to vacating that judgment without vacating the judgment that terminated the father's parental rights. The county did not appeal the order of the trial court that reinstated only the mother's parental rights.

Review of the trial court decision to reinstate only the mother's parental rights was available to the county by a direct appeal from the May 30 order. A Rule 60.02 motion to vacate the remaining portion of the March 21 judgment may not be used to alter the effect of the May 30 order absent a reasonable claim on the merits for opposing the petition for termination.

**528**

## DECISION

Reinstatement of mother's parental rights after parental rights of both parents have been terminated does not constitute a mistake that provides a basis for vacating judgment terminating father's parental rights under Minn.R.Civ.P. 60.02.

Affirmed.