Richard and Gregory JACOBSON, d/b/a Jake's Food and Liquor, and Peelers, Inc., et al., successors in interest to plaintiffs, Appellants,

v.

The COUNTY OF GOODHUE, Respondent.

No. C9–95–1118.

Court of Appeals of Minnesota.

Nov. 21, 1995.

Review Denied Jan. 12, 1996.

Randall D.B. Tigue, Minneapolis, for appellants.

Gary Fridell, Goodhue County Attorney, Red Wing, for respondent.

Considered and decided by DAVIES, P.J., and NORTON and THOREEN, JJ.

## OPINION

JOHN F. THOREEN,* *Judge.*

After respondent Goodhue County (the county) passed an ordinance prohibiting nudity in liquor establishments, appellant bar owners brought an action in district court seeking a declaratory judgment that the ordinance was unconstitutional and an injunction prohibiting the enforcement of the ordinance against them. The trial court granted the requested relief. Four years later, the county moved to vacate the injunction based on a subsequent Minnesota Supreme Court decision holding an identical ordinance constitutional. The trial court granted the county's motion and vacated the injunction. This appeal followed.

## FACTS

Appellants Richard and Gregory Jacobson are the former owners of Jake's Bar Food and Liquor, located in Cannon Falls, Goodhue County. Appellants Peelers, Inc., Edward Holmers, and Tammara Lombardi are the successors in interest to the Jacobsons and now operate the same bar under the name of Peelers. Peelers features live nude dancing.

In 1987, the county passed Ordinance 87–1, prohibiting nude dancing in establishments serving liquor.[1] Appellants filed a motion seeking an injunction prohibiting the county

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Goodhue Ordinance 87–1 provides in relevant part:
   SECTION 1. *Definitions:*

from enforcing the ordinance, arguing it violated the Minnesota Constitution. In 1988, the trial court granted appellants' motion, declaring the ordinance void because it violated article 1, section 3 of the Minnesota Constitution. The final judgment granting the permanent injunction was entered on May 25, 1990.

In 1994, the Minnesota Supreme Court held that a Coates City ordinance prohibiting nude dancing in bars did not violate article 1, section 3 of the Minnesota Constitution. *Knudtson v. City of Coates*, 519 N.W.2d 166, 169 (Minn.1994). In January 1995, relying on the decision in *Knudtson*, Goodhue County sought to have the permanent injunction vacated. On April 17, 1995, the trial court granted the county's motion to vacate the injunction based on the *Knudtson* decision. Appellants then filed a motion seeking to amend the April 17 order, and the trial court denied their motion.

Here, appellants argue that the county's action seeking to have the injunction vacated is barred by res judicata. In the alternative, appellants argue that the *Knudtson* decision was not controlling at the trial court level.

## ISSUES

1. Did the trial court have jurisdiction to vacate the injunction?

2. Did the Goodhue ordinance violate article 1, section 3 of the Minnesota Constitution?

## ANALYSIS

1. *Jurisdiction/Res Judicata*

Appellants argue that the county's action seeking to have the injunction vacated was barred by res judicata. In particular, they claim that because the county did not appeal from the final judgment granting the original injunction, the county is now precluded from relitigating the issue of whether the ordinance violates the Minnesota Constitution. We disagree.

It is well established that courts have the inherent power to amend, modify, or vacate an injunction where the circumstances have changed and it is just and equitable to do so.

*Channel 10, Inc. v. Independent Sch. Dist. No. 709, St. Louis County*, 298 Minn. 306, 327–28, 215 N.W.2d 814, 829 (1974). Furthermore, Minn.R.Civ.P. 60.02(e) permits a court to grant relief from a judgment if "it is no longer equitable that the judgment should have prospective application."[2] The Minnesota appellate courts have not interpreted this provision of rule 60.02(e), but the federal equivalent, Fed.R.Civ.P. 60(b)(5), has been interpreted to provide a court broad equitable discretion to modify a judgment in light of changed circumstances. *System Fed'n No. 91 v. Wright*, 364 U.S. 642, 645–46, 81 S.Ct. 368, 370–71, 5 L.Ed.2d 349 (1961); *United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932).

The provision principally applies to a judgment involving an injunction in which a significant change in circumstances makes the continued application of the judgment inequitable and turns the decree into an "instrument of wrong." *Swift & Co.*, 286 U.S. at 114–15, 52 S.Ct. at 462, 11 Charles A.

Subdivision 1. "License" means any of the following licenses issued or approved by the County of Goodhue pursuant to Minnesota Statute, Chapter 340A:
1. on-sale non-intoxicating malt liquor license,
2. on-sale intoxicating liquor license, or
3. on-sale wine license.
SECTION 2. *Attire and Conduct:*
No license shall be held where the Licensee:
1. employs, hires, allows or permits any person in the sale or service of set ups or alcoholic beverages; or
2. employs, hires, allows or permits any person to dance or perform, or remain;

in or upon the Licensed Premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the breast below the top of the areola, or of any portion of the pubic hair, anus, cleft of the buttocks, or genitals.

2. Rule 60.02(e) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * and may order a new trial or grant such relief as may be just for the following reasons:
* * * *
(e) it is no longer equitable that the judgment should have prospective application * * *.

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2863 (2d ed. 1995); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2961 (2d ed. 1995); 3 Douglas D. McFarland & William J. Keppel, *Minnesota Civil Practice*, § 2437, at 565–66 (2d ed. 1990). A change in the law may constitute a change in circumstances requiring modification or vacation of an injunction.[3] *Toussaint v. McCarthy*, 801 F.2d 1080, 1090 (9th Cir.1986), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (citing *System Fed'n No. 91*, 364 U.S. at 647–48, 81 S.Ct. at 371); *Nyberg v. City of Virginia*, 667 F.2d 754, 756 (8th Cir.1982).[4]

■ We agree with the trial court that the precedent established by the Minnesota Supreme Court in *Knudtson* constitutes a sufficient change in legal circumstances to warrant relief from the injunction. As the court points out in its April 27, 1995, order, if the injunction were not vacated, appellants would be the only bar owners in Goodhue County not subject to the nude dancing restrictions. Therefore, we conclude that under its equitable powers and rule 60.02(e), the court retained jurisdiction to vacate the injunction.

### 2. *Constitutionality of Goodhue Ordinance*

■ The trial court has discretion to decide a motion to vacate a judgment, and this court's "inquiry is limited to whether the trial court abused that discretion." *Nelson v. Siebert*, 428 N.W.2d 394, 395 (Minn.1988).

Appellants argue that the decision in *Knudtson* was not controlling at the trial court level. We disagree.

In *Knudtson*, a bar owner was seeking a declaration that two Coates City ordinances prohibiting nudity in liquor establishments were unconstitutional.[5] *Knudtson*, 519 N.W.2d at 167. The bar owner argued the Coates ordinances violated the right to freedom of speech as guaranteed by article 1, section 3, of the Minnesota Constitution. The Minnesota Supreme Court held that the ordinances did not violate the free speech provision of the Minnesota Constitution. *Id.* at 169.

■ There are no material differences between the Goodhue ordinance and the ordinances at issue in *Knudtson*. Both ordinances have the effect of prohibiting nude dancing in liquor establishments.[6] The *Knudtson* decision makes it clear that while under federal law the Twenty–First Amendment grants states the authority to restrict nudity in liquor establishments, under state law that authority exists notwithstanding article 1, section 3, of the Minnesota Constitution. Therefore, under *Knudtson*, the

---

3. Three traditional reasons for ordering the modification or vacation of an injunction are (1) changes in operative facts, (2) changes in the relevant decisional law, and (3) changes in any applicable statutory law.
   11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2961, at 402–403 (2d ed. 1995) (footnotes omitted).

4. *Cf. Marshall v. Board of Educ., Bergenfield, New Jersey*, 575 F.2d 417, 425 (3d Cir.1978) (stating a rule 60(b) motion will be denied *regarding a judgment at law for damages* for past wrongs that must remain inherently final and unaffected by subsequent changes in the law that render the original claims unavailable as a cause of action).

5. The ordinances at issue were Coates, Minn. City Ordinances §§ 603.01, 603.02 (1978):

   603.01 **PURPOSE**. The City of Coates does hereby ordain that it is in the best interest of the public health, safety and general welfare of the people of the City of Coates that certain types of entertainment, as hereinafter set forth, be prohibited upon the premises of licensed liquor and beer establishments so as to best protect and assist the owners and operators and employees thereof, as well as the patrons thereof and the public in general. Further, the City does ordain that the standards set herein are reflective of the prevailing community standards in the City of Coates.
   603.02 **CERTAIN ACTS PROHIBITED**. It shall be unlawful for any licensee permit or to suffer any person or persons from being upon the licensed premises when such person does not have his or her buttocks, anus, breast and genitals covered with a non-transparent material.
   *Knudtson*, 519 N.W.2d at 167 n. 2.

6. Aside from the fact that the Goodhue ordinance is drafted with more specificity than the ordinance in *Knudtson*, the only other distinction is that the former is a licensing statute and the latter a criminal statute.

Goodhue ordinance does not violate the Minnesota Constitution.

Because *Knudtson* was controlling, the trial court did not abuse its discretion in vacating the injunction. *See Geraci v. Eckankar,* 526 N.W.2d 391, 401 (Minn.App.1995) (stating "[g]enerally, a court is required to apply the law that is in effect at the time it renders its decision"), *review denied* (Minn. Mar. 14, 1995).

**DECISION**

The trial court had jurisdiction to review the injunction and it did not abuse its discretion in vacating the injunction.

**Affirmed.**