CITY OF BARNUM, Respondent,

v.

Azzmi O. SABRI, Appellant.

No. CX–02–581.

Court of Appeals of Minnesota.

March 4, 2003.

---

Jordan S. Kushner, Minneapolis, MN, for appellant.

Paul D. Reuvers, Kafi C. Linville, Iverson Reuvers LLC, Bloomington, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge, STONEBURNER, Judge, and ANDERSON, Judge.

## OPINION

WRIGHT, Judge.

Appellant challenges the denial of his motion for relief from judgment, arguing that the district court erred by ruling that Minn. R. Civ. P. 60.02(e), which allows relief from a judgment if it is no longer equitable for the judgment to have pro-

spective application, does not apply where a change in circumstances occurs due to voluntary actions by the moving party. Appellant also argues that the district court abused its discretion by denying the motion without (1) considering all of the evidence before concluding that a change in circumstances has not occurred and (2) addressing appellant's alternative request for relief under Minn. R. Civ. P. 60.02(f). We reverse and remand.

## FACTS

Appellant Azzmi Sabri owns a dome-shaped building in Barnum, Minnesota. Beginning in 1996, respondent City of Barnum (the city) sent notices to Sabri regarding the deteriorating condition of the building. Specifically, Sabri was issued citations for violating Barnum City Ordinances 81 and 82, because his building had been abandoned and neglected. With its broken windows, unsafe deck, and general lack of security, the building presented a public safety risk to children from the area. Sabri did not respond, and the property's condition continued to deteriorate.

On March 4, 1998, the city issued an order, pursuant to Minn.Stat. § 463.17 (1996), directing Sabri to repair the building within 60 days. In April 1998, Sabri denied the allegations and claimed that the order failed to state any cause of action. Sabri also did not make any repairs.

On July 7, 2000, the city moved the district court for summary enforcement of the March 4, 1998, order requiring repairs. A hearing was set for August 17, 2000, but the record lacks evidence that Sabri and his attorney were notified of the hearing. Neither Sabri nor his attorney appeared at the August 17, 2000, hearing. Following the hearing, the district court granted the

city's motion and entered judgment against Sabri on August 22, 2000. Finding that Sabri failed to correct the hazardous conditions on his property in response to the city's order and that the building continued to be a hazard to public safety, the district court authorized the city to raze the building. The record shows that copies of the order were sent to Sabri and his attorney. Sabri did not appeal this judgment.

At its November 13, 2000, meeting, the city council voted to move forward with plans for demolition and to provide Sabri a list of requirements, which, if met, would halt plans to raze the building. Sabri was required to obtain the services of a civil engineer, complete the necessary repairs within 60 days, provide the city with the list of repairs and estimated costs, and post a performance bond. The list was sent to Sabri's counsel on November 22, 2000. The city contends that Sabri did not comply with these requirements.

On September 22, 2001, Sabri learned that the demolition of his building was imminent. On September 25, 2001, Sabri moved to vacate all orders and judgments on the ground that he was never properly served with a complaint or notice of the proceedings in this matter. Sabri also sought a temporary restraining order and injunction, challenging the city's right to destroy the building and maintaining that repairs to the property had been made.[1] The district court rejected Sabri's claim of insufficient notice, because he was represented by counsel when the court heard the city's summary enforcement motion on August 17, 2000. The district court denied Sabri's motion for a temporary injunction as moot, because the city agreed to post-

1. In an affidavit, Sabri's brother stated that he made repairs to the building before September 2001 and that the city interfered with ongoing repairs to the property by telling the workers to stop because the building was to be destroyed.

pone the demolition until Sabri could be heard at the city council meeting on October 8, 2001.

At the meeting, Sabri presented his arguments against razing the building. Dennis Johnson, the owner of the company that built the dome-shaped building, addressed the design and explained that Sabri's property was structurally sound and only needed nonstructural repairs. Sabri, a civil engineer and owner of a construction company, also testified that the building was in sound structural condition. Sabri's brother testified about the numerous repairs that he had made to the building, submitting receipts and photographs showing the repairs. The city council scheduled another meeting to consider the matter further.

At its October 15, 2001, city council meeting, the city presented testimony from Robert Lorvick, the zoning officer who initiated the proceedings against Sabri. Lorvick testified that Sabri's building remained a safety hazard. The city council voted to raze the building.

On October 18, 2001, Sabri moved for relief from judgment, pursuant to Minn. R. Civ. P. 60.02(e) and (f). Sabri submitted affidavits providing his professional opinion about the structural condition of the building and his brother's account of repairs made to the building, tapes of the city council hearings, and pamphlets describing dome-shaped structures. Sabri also presented affidavits of two Barnum residents who were interested in leasing Sabri's building for their antique store. In its opposition to Sabri's motion, the city submitted Lorvick's affidavit, stating that Sabri's building remained a safety hazard.[2]

After concluding that relief from judgment may not be granted where the moving party brings about the change in circumstances prompting the requested relief, the district court determined that Sabri failed to show that he was entitled to relief under Minn. R. Civ. P. 60.02(e), and denied Sabri's motion. The district court did not explicitly address Sabri's request for relief under Minn. R. Civ. P. 60.02(f). This appeal followed.

## ISSUES

I. Does Minn. R. Civ. P. 60.02(e) allow relief when the changed circumstances prompting the request for relief resulted from the voluntary actions of the moving party?

II. Did the district court abuse its discretion by failing to consider all of the evidence of changed circumstances?

III. Did the district court abuse its discretion by failing to consider the application of Minn. R. Civ. P. 60.02(f)?

## ANALYSIS

### I.

■ Sabri first challenges the district court's determination that relief under Minn. R. Civ. P. 60.02(e) is not available to a moving party who voluntarily brings about the change in circumstances. Questions of civil procedure present issues of law, which we review de novo. *Wilkie v. Allied Van Lines, Inc.*, 398 N.W.2d 607, 610 (Minn.App.1986).

■ Minn. R. Civ. P. 60.02(e) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or the

2. Sabri also filed a writ of certiorari with this court, challenging the city council's decision. The writ was denied as moot, because the city agreed to postpone the demolition pending the resolution of the motion for relief from judgment in district court. *See Sabri v. Barnum*, No. C4–01–1795 (Minn.App. Oct. 25, 2001) (order).

party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: * * *

(e) The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or *it is no longer equitable that the judgment should have prospective application* [.]

(Emphasis added.) Rule 60.02(e) represents the historic power of the court of equity to modify its decree in light of changed circumstances. *Jacobson v. County of Goodhue*, 539 N.W.2d 623, 625 (Minn.App.1995) (citing *System Fed'n No. 91 v. Wright*, 364 U.S. 642, 645–46, 81 S.Ct. 368, 370–71, 5 L.Ed.2d 349 (1961) (construing federal equivalent of Minn. R. Civ. P. 60.02(e))), *review denied* (Minn. Jan. 12, 1996); *see also* 2A David F. Herr & Roger S. Haydock, *Minnesota Practice* § 60.24 (1998) (discussing Minn. R. Civ. P. 60.02(e)). Rule 60.02(e) is directly applicable to injunctions "where conditions have changed" and can apply to "any judgment that has prospective effect." Herr & Haydock, *supra*, § 60.24.

■■ Here, while the August 22, 2000, judgment is not an injunction, it has a similar prospective effect of authorizing the city to raze Sabri's building because of its unsafe condition. Rule 60.02(e), therefore, is not inapplicable simply because the district court did not issue an injunction. The burden of proof in a proceeding under Rule 60.02 is on the party seeking relief. *See generally, Nelson v. Siebert*, 428 N.W.2d 394, 395 (Minn.1988) (reversing district court's denial of motion for relief under what is now Minn. R. Civ. P. 60.02(a) because party seeking relief "satisfied her burden"). In the absence of changes in the relevant decisional or statutory law, it was Sabri's burden to establish that the operative facts have changed so that it is no longer equitable that his building be razed.[3]

■■ The district court, however, held that relief under Rule 60.02(e) may not be granted unless the change in circumstances is unforeseeable and beyond the reach of the parties. But the cases cited by the district court are inapposite because they involve attempts to vacate a consent decree. *See Benjamin v. Malcolm*, 156 F.R.D. 561, 565–66 (S.D.N.Y.1994) (denying city's request to vacate prior consent decree to employ food production company because city decided to employ another company to revitalize local economy); *see also Phila. Welfare Rights Org. v. Shapp*, 602 F.2d 1114, 1119–20 (3d Cir.1979) (explaining strict standard for reopening consent judgment applies because of its similarities to contract voluntarily undertaken), *cert. denied*, 444 U.S. 1026, 100 S.Ct. 689, 62 L.Ed.2d 660 (1980). A consent decree, while prospective in its effect, is the product of a negotiated agreement similar a contract. *Phila. Welfare Rights Org.*, 602 F.2d at 1119–20; *Elsen v. State Farmers Mut. Ins. Co.*, 219 Minn. 315, 319, 17 N.W.2d 652, 655 (1945) (describing consent decree as "mere agreement of the parties under sanction of the court" to be interpreted as agreement). A consent decree *is not* a judicial determination of the rights of the parties and does not represent the judgment of the court, but merely records

---

**3.** "Three traditional reasons for ordering the modification or vacation of an injunction are (1) changes in operative facts, (2) changes in the relevant decisional law, and (3) changes in any applicable statutory law." *Jacobson*, 539 N.W.2d at 626 n. 3 (quoting 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2961, at 402–03 (2d ed.1995)) (footnotes omitted).

a preexisting agreement of parties. *Hentschel v. Smith,* 278 Minn. 86, 94, 153 N.W.2d 199, 205 (1967).

The judgment at issue here is readily distinguishable, because it *is* a judicial determination of the parties' rights. The parties do not cite, nor do we find, any state or federal legal authority for the proposition that Rule 60.02(e) is inapplicable where a party voluntarily corrects the condition that gave rise to the judgment, as Sabri claims to have done here. On the contrary, this court, based on the federal interpretation of Fed.R.Civ.P. 60(b)(5), has adopted an interpretation of Rule 60.02(e) that provides the district court with *"broad equitable discretion* to modify a judgment in light of changed circumstances." *Jacobson,* 539 N.W.2d at 625 (emphasis added). We, therefore, reverse the district court's determination that Minn. R. Civ. P. 60.02(e) is per se inapplicable where the party seeking relief has created the change in circumstances based on which relief is sought.

## II.

■ Sabri also argues that the district court should consider all of the evidence of a change in circumstances. To prevail under Minn. R. Civ. P. 60.02(e), a moving party must show that a present challenge to an underlying order would have merit. *See In re Welfare of B.J.J.,* 476 N.W.2d 525, 527 (Minn.App.1991).

The August 22, 2000, judgment authorized the city to destroy Sabri's building under Minnesota's hazardous-building statute, which authorizes the destruction of private property without compensation when a property owner fails to take steps to make needed repairs. Minn.Stat. §§ 463.15–.261 (2000); *Village of Zumbrota v. Johnson,* 280 Minn. 390, 394, 161 N.W.2d 626, 628–29 (1968); *Ukkonen v. City of Minneapolis,* 280 Minn. 494, 499–

500, 160 N.W.2d 249, 252–53 (1968). The propriety of the district court's judgment at the time it was rendered in August 2000 is not disputed. But the issue presented by Sabri's Rule 60.02(e) motion is whether repairs to the property resulted in changed conditions such that prospective application of the judgment authorizing demolition of the property is no longer equitable. *See* Minn. R. Civ. P. 60.02(e); *Jacobson,* 539 N.W.2d at 625.

The August 22, 2000, judgment was issued pursuant to the district court's determination that the dilapidated condition of Sabri's building created a hazard to public safety and health. Evidence of the dilapidated condition was uncontested, because neither Sabri nor his counsel appeared at the August 17, 2000, hearing. In contrast, the evidence of changed circumstances was controverted. In support of his motion for relief from judgment, Sabri presented evidence of repairs made to comply with the city's proposed alternative to executing the judgment and razing the building. Sabri also presented evidence of the improved condition of the building, including photographs and receipts of the numerous repairs made since August 2000. The city countered that the condition of the building remained the same, relying on Lorvick's October 15, 2001, inspection of the building.

In denying Sabri's motion, the district court relied exclusively on the unanimous vote of the city council taken after the city council's hearing and site visit on October 15, 2001. Finding the city council's vote dispositive of the motion for relief from judgment, the district court reasoned that, because the August 22, 2000, judgment was based upon the city council's determination that the building should be razed, resolution of the motion for relief from judgment should be based on the city's determination that circumstances have not

changed. Rather than conducting an independent review of the evidence presented by both parties to determine whether the evidence presented by Sabri would support a meritorious challenge to the August 22, 2000, judgment, the district court simply ratified the city council's decision. In doing so, it did not fulfill its responsibility to determine independently whether Rule 60.02(e) had been satisfied.

 Under Rule 60.02(e), the main objective is to determine whether changed circumstances exist and, if so, whether they render it inequitable for the judgment to have prospective application. *See e.g., Jacobson,* 539 N.W.2d at 626 (court's prior order was no longer equitable in light of a changed legal precedent). Whether it is equitable for a judgment to continue to have prospective application must be determined on a case-by-case basis and requires courts to strike a

> delicate balance between the sanctity of final judgments * * * and the incessant command of a court's conscience that justice be done in light of *all* the facts.

*Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1138 (D.C.Cir.1988) (emphasis in original). As a result of its determination that Minn. R. Civ. P. 60.02(e) did not apply in this case, the district court did not determine (1) whether Sabri had actually corrected the conditions that were the basis of the judgment authorizing the city to raze Sabri's building and, if so, (2) whether, based on all of the facts of this case, it no longer would be equitable to give the judgment prospective application.[4] *See Jacobson,* 539 N.W.2d at 625. We, therefore, remand for the district court to determine (1) whether Sabri has corrected the conditions that were the basis for the judgment and, if so, (2) whether, based on all of the facts of this case, it is no longer equitable for the August 22, 2000, judgment to have prospective application.

## III.

 Sabri next argues that the district court erred by failing to consider the application of Minn. R. Civ. P. 60.02(f). Sabri cited Rules 60.02(e) and (f) as bases for relief. Although the district court did not specifically address Rule 60.02(f), this omission was not erroneous in light of our ruling that the facts of this case must be analyzed under Rule 60.02(e).

Relief may be granted under Rule 60.02(f) for "any other reason justifying relief from the operation of the judgment." *Anderson v. Anderson,* 288 Minn. 514, 518, 179 N.W.2d 718, 722 (1970). Clause (f) of Rule 60.02 is a residual clause, designed to afford relief only under exceptional circumstances not addressed by clauses (a) through (e). *Id.; Sommers v. Thomas,* 251 Minn. 461, 467, 88 N.W.2d 191, 196 (1958). Because relief could be granted under Minn. R. Civ. P. 60.02(e) if it is satisfied, clause (f) of Rule 60.02 does not apply.

## DECISION

The district court may grant a motion for relief from judgment under Minn. R. Civ. P. 60.02(e) where the change in circumstances results from the actions of the movant, if the prospective application of the judgment no longer is equitable in

---

4. We note that the city did not act on the original order for over two years. Instead, the city allowed Sabri to make repairs as an alternative to razing the building. Thus, the city created the incentive for Sabri to bring about the change in circumstances that he claims as the basis for relief from judgment. We render no opinion, however, as to whether Sabri has succeeded in eliminating the hazardous conditions.

light of all the facts. We, therefore, reverse and remand to the district court with instructions to conduct an independent review of the evidence and make findings addressing whether the completed repairs constitute a change in circumstances that renders the judgment authorizing the city to raze Sabri's building inequitable.

**Reversed and remanded.**