*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0662**

In the Matter of the Civil Commitment of: Hollis John Larson

**Filed November 17, 2014
Affirmed
Larkin, Judge**

Goodhue County District Court
File No. 25-PR-08-559

Hollis John Larson, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, John D. Gross, Assistant Attorney General, St. Paul, Minnesota; and

Stephen N. Betcher, Goodhue County Attorney, Red Wing, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant, a civilly committed sexually dangerous person, challenges the district court's denial of his motion for relief from judgment and a new commitment hearing. He argues that he no longer meets the criteria for civil commitment because the most recent edition of the American Psychiatric Association's *Diagnostic and Statistical Manual of*

*Mental Disorders* does not include one of the diagnoses that was offered in support of his commitment. We affirm.

**FACTS**

In 2008, appellant Hollis John Larson was indeterminately committed to the Minnesota Sex Offender Program (MSOP) as a sexually dangerous person (SDP). His commitment was based on the testimony of two court-appointed examiners, Dr. Rosemary Linderman and Dr. Roger C. Sweet. Both examiners testified that Larson met the statutory criteria for commitment as an SDP. Linderman diagnosed Larson with, among other disorders, "Paraphilia – Not Otherwise Specified, Incestual Hebephilia," which she described as a "preference to have teenagers, teenage females as victims."

Larson appealed, arguing, in part, that the district court lacked subject-matter and personal jurisdiction and that there was insufficient evidence to support his commitment. This court affirmed. *In re Civil Commitment of Larson*, Nos. A08-1188, A08-1486, 2009 WL 1049171 (Minn. App. Apr. 21, 2009), *review denied* (Minn. June 30, 2009), *cert. denied*, 588 U.S. 1029 (Nov. 16, 2009). We rejected Larson's jurisdictional arguments and concluded that there was "more than an adequate basis for the district court to determine that clear and convincing evidence satisfied all three SDP criteria," including that Larson "manifests a sexual, personality, or other mental disorder or dysfunction." *Id.* at *2, *4, *5.

During the next five years, Larson repeatedly challenged his commitment without success. He moved the district court for relief under Minnesota Rule of Civil Procedure 60.02, and the district court denied his motion. He petitioned the district court for a writ

2

of habeas corpus. The district court dismissed his petition, and this court affirmed. *Larson v. Jesson*, No. A10-2214, 2011 WL 2623446 (Minn. App. July 5, 2011). He petitioned the special review board for a discharge or provisional discharge. A judicial appeal panel dismissed his petition, and this court affirmed. *Larson v. Jesson*, 847 N.W.2d 531 (Minn. App. 2014). He moved the district court for relief under rule 60.02 two more times, and the district court denied his motions.

In February 2013, Larson sent a letter to the district court judge that presided over his commitment trial, demanding discharge and compensation. Larson claimed that he no longer met the statutory requirements for civil commitment because the American Psychiatric Association did not include hebephilia in the fifth edition of its *Diagnostic and Statistical Manual of Mental Disorders* (DSM-5).

And in September 2013, Larson once again moved the district court for relief under rule 60.02. He asserted that he is entitled to "a new civil commitment hearing to determine if he, in fact, actually meets the statutorily mandated criteria for indeterminate civil commitment as a sexually dangerous person." Larson generally argued that because hebephilia was not included in the DSM-5, his commitment was based on an improper diagnosis and therefore was unsupported. Specifically, he argued that the DSM-5's exclusion of hebephilia constitutes newly discovered evidence, that Linderman's testimony and the committing court's reliance on it was fraudulent, that his commitment is void because the committing court lacked subject-matter and personal jurisdiction,[1]

---

[1] Larson does not challenge the district court's subject-matter or personal jurisdiction in this appeal.

3

that his commitment is no longer equitable because it was based on "a non-existent mental illness," and that "extraordinary circumstances" justify relief. The district court denied Larson's motion, and Larson appeals.

## D E C I S I O N

Larson moved for relief from judgment and a new commitment hearing under subdivisions (b) through (f) of Minn. R. Civ. P. 60.02. Rule 60.02 provides that a court may relieve a party from a final judgment, order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:

> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial pursuant to Rule 59.03;
> (c) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (d) The judgment is void;
> (e) The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (f) Any other reason justifying relief from the operation of the judgment.

Minn. R. Civ. P. 60.02. Motions brought under subsections (b) and (c) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* All other motions must be made "within a reasonable time." *Id.*

In *In re Civil Commitment of Lonergan*, the supreme court determined that the Minnesota Commitment and Treatment Act, Minn. Stat. ch. 253B, and rule 60.02 "are not wholly inconsistent" and that "there exists a narrow class of claims that may be

4

brought under Rule 60.02 by a patient indeterminately committed as an SDP." 811 N.W.2d 635, 643 (Minn. 2012). Specifically, patients may bring rule 60.02 motions that "do not (1) distinctly conflict with the Commitment Act, or (2) frustrate a patient's rehabilitation or the protection of the public." *Id.* The party seeking relief under rule 60.02 has the burden of proof. *City of Barnum v. Sabri*, 657 N.W.2d 201, 205 (Minn. App. 2003). To prevail, the moving party "must show that a present challenge to an underlying order would have merit." *Id.* at 206.

Whether a person committed as an SDP may raise a particular claim under rule 60.02 is a legal question this court reviews de novo. *Lonergan*, 811 N.W.2d at 639. But this court otherwise reviews a district court's denial of a rule 60.02 motion for an abuse of discretion. *In re Civil Commitment of Moen*, 837 N.W.2d 40, 44-45 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013).

The district court thoroughly addressed every aspect of Larson's rule 60.02 motion, including whether it is permissible under *Lonergan* and whether it was timely. We focus our review on the district court's rejection of the motion on the merits. In refusing to grant Larson relief under rule 60.02, the district court noted that "[n]one of [Larson's] arguments have support in either law or fact. He has no chance of prevailing on the merits of his case." The district court reasoned, in part, that "even assuming the hebephilia diagnosis is invalid, the commitment stands because [Larson] still meets the definition of [an SDP]." For the reasons that follow, we agree with the district court that Larson's challenge to his commitment lacks merit and that he therefore has not established a basis for relief.

5

Larson argues that because "hebephilia is not a valid diagnosis and [he] has absolutely no other type of sexual disorder, [he] cannot be diagnosed with any paraphilia, let alone a paraphilic disorder and therefore [he] did not/does not meet the criteria for civil commitment and must be given a new commitment hearing." But Larson's commitment is not based solely on the diagnosis of paraphilia, much less hebephilia. Linderman testified that Larson has diagnoses of "paraphilia NOS, . . . incestual hebephilia" and "depressive disorder NOS." She noted that hebephilia "is not listed in DSM-IV, but paraphilia NOS is, and that's usually where it falls under that category." However, Linderman further testified that Larson's "more prominent and primary diagnosis" is "his antisocial personality disorder." She stated that Larson also has "other components of a personality disorder NOS with narcissistic, histrionic, and paranoid features" and "a significant amount of psychopathy," which she said "is not yet listed in DSM-IV" but is "an indisputably strong predictor of general and violent recidivism" and "a defensible mental abnormality to include on Axis II."

Sweet, who Larson chose as his second examiner, also identified personality disorder as Larson's primary diagnosis. He testified that Larson has a diagnosis of dysthymia, "a chronic form of kind of low to moderate grade depression," but that Larson's "primary diagnosis in terms of explaining much of his behavior is personality disorder." Sweet stated that he diagnosed Larson with "personality disorder NOS, with significant antisocial and narcissistic features."

In Larson's first appeal to this court, we held that the evidence provided "more than an adequate basis for the district court to determine that clear and convincing

6

evidence satisfied all three SDP criteria," including the second criterion, "that Larson manifests a sexual, personality, or other mental disorder or dysfunction." *Larson*, 2009 WL 1049171 at *4, *5. We noted that both court-appointed examiners opined that Larson satisfied the criteria for commitment as an SDP; that Linderman diagnosed Larson with "antisocial personality disorder, personality disorder not otherwise specified (with narcissistic, histrionic, and paranoid features), and psychopathy"; and that Sweet diagnosed Larson with "several disorders including personality disorder not otherwise specified (antisocial/narcissistic)." *Id.* at *1, *4. We also noted that "[b]oth Linderman and Sweet testified that Larson's antisocial and narcissistic personality disorders were significant factors in their determination." *Id.* at *4.

In sum, this court's previous determination that the evidence was sufficient to sustain Larson's commitment was based on his personality disorders and not on any sexual disorder (i.e., hebephilia). Thus, even if the DSM-5 calls Linderman's hebephilia diagnosis into question, it does not compromise this court's previous holding that the evidence clearly and convincingly established that "Larson manifests a sexual, personality, or other mental disorder or dysfunction" that satisfied the relevant SDP statutory criterion. *Id.*

Larson attempts to cast doubt on his antisocial-personality-disorder diagnosis, calling it a "non-existent mental illness" and arguing that the United States Supreme Court has not decided whether a diagnosis of antisocial personality disorder itself is a sufficiently serious impairment to support civil commitment. But Larson's submissions in support of his rule 60.02 motion focused exclusively on his hebephilia diagnosis.

7

Because Larson's rule 60.02 motion was not based on arguments regarding his antisocial-personality-disorder diagnosis, such arguments are not properly before this court and we do not consider them. *Beaulieu v. Minn. Dep't of Human Servs.*, 825 N.W.2d 716, 724 (Minn. 2013) (rejecting argument without reaching its merits because MSOP patient failed to adequately raise the issue in the district court).

We also agree with the district court's determination that Larson has not shown any fraud on the court. "Fraud sufficient to vacate a judgment pursuant to [rule] 60.02 occurs when a party intentionally misleads or deceives the court as to material circumstances." *In re Conservatorship of Bromley*, 359 N.W.2d 723, 724 (Minn. App. 1984), *review denied* (Minn. Mar. 21, 1985). Larson's argument that Linderman's hebephilia diagnosis is invalid because hebephilia is not included in the DSM-5 may show reason to question the validity of that particular diagnosis, but it does not show fraud. *See id.* There is no evidence that Linderman intentionally misled the committing court by including hebephilia among Larson's diagnoses. In fact, Linderman acknowledged that hebephilia was not included in the current diagnostic manual at the time.

In conclusion, Larson's argument that his commitment is not supported by a valid diagnosis lacks merit. Thus, he is not entitled to relief under rule 60.02, and the district court did not abuse its discretion by denying his request for relief. *See City of Barnum*, 657 N.W.2d at 206 (stating that to prevail under rule 60.02, the moving party "must show that a present challenge to an underlying order would have merit").

**Affirmed.**