*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1231**

Shauna Marie Krupicka,
Respondent,

vs.

Paul John Hassinger,
Appellant.

**Filed April 4, 2016
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27-CV-14-3150

Quin C. Seiler, Winthrop & Weinstine, P.A., Minneapolis, Minnesota; and

Joanna M. Salmen, Foley & Mansfield, P.L.L.P., Minneapolis, Minnesota (for respondent)

Erick G. Kaardal, James V.F. Dickey, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Connolly, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant challenges the district court's order denying his motion to modify or vacate a harassment restraining order (HRO) issued against him. We affirm.

**FACTS**

In February 2014, the district court issued an ex parte order for protection (OFP) on behalf of respondent Shauna Marie Krupicka against appellant Paul John Hassinger. After a hearing on March 5, 2014, the district court issued an order entitled "Order to Dismiss Order for Protection and to Grant Harassment Restraining Order." The district court found that "[i]n lieu of an evidentiary hearing and/or an Order for Protection, the parties have agreed to the issuance of a Harassment Restraining Order," effective from March 2014 until March 2016. By the terms of the order, Hassinger was directed to refrain from harassing Krupicka and her children, but the order did not similarly apply to Krupicka. At the time of the hearing, Hassinger was represented by counsel but Krupicka appeared pro se.

Shortly after the HRO was issued, Hassinger filed a petition for an ex parte OFP against Krupicka. After an evidentiary hearing requested by Krupicka, the district court dismissed the ex parte OFP, stating that Hassinger had "not met his burden" of proving that he was entitled to one.

On April 21, 2015, Hassinger moved for dismissal or modification of the HRO. As a basis for this motion, Hassinger alleged that he had scrupulously obeyed the HRO, was fearful of Krupicka and believed that she was stalking him and accessing his private records, feared for his son, sold his house and moved, and believed that he was experiencing "collateral damage" because background checks "could hurt [his] potential career opportunities." He also alleged that he wished to work again as a licensed emergency medical technician (EMT), but he thought the HRO would interfere with an application for licensing. Hassinger requested a hearing on his motion, but the referee

heard arguments without receiving testimony. The referee noted that Hassinger was not

alleging actual harm to employment opportunities, but rather was speculating about what

could happen. Krupicka's attorney explained that Krupicka had not accessed Hassinger's

driver's-license records, but her employer did for security reasons after she informed

them about the HRO.

The referee issued a recommendation to deny Hassinger's motion, finding that

Hassinger had "a broad 'concern' that an active HRO could make it difficult for him to

obtain employment – but there is nothing in the record before the Court to establish that

this 'concern' is accurate." The district court filed a written order adopting the referee's

recommendations on May 15, 2015[1]. Hassinger appeals this order denying his Minn. R.

Civ. P. 60.02(e) motion to vacate or modify the HRO.

## D E C I S I O N

We review the district court's decision on whether to vacate a judgment or order

under Minn. R. Civ. P. 60.02 for an abuse of discretion. *Northland Temps., Inc. v.*

*Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008).

Rule 60.02(e) provides that relief may be granted when "it is no longer equitable that the

judgment should have prospective application." This provision represents the court's

equitable power to modify a decree in light of changed circumstances and applies to any

---

[1] Hassinger filed a notice requesting review of the referee's recommendation on May 22, 2015. On June 1, 2015, the district court denied Hassinger's request to review the referee's recommended order, concluding that the request was untimely because it was made more than 10 days after the referee's recommended order was issued on April 29, 2015. Hassinger is nevertheless permitted to appeal to this court, despite failing to timely seek district court review. *James v. James*, 397 N.W.2d 587, 590 (Minn. App. 1986).

judgment that has prospective effect. *City of Barnum v. Sabri*, 657 N.W.2d 201, 205 (Minn. App. 2003). The burden of proof is on the party seeking relief. *Id.*

When parties have agreed to a judgment, the court may set it aside if a party demonstrates fraud, mistake, or absence of consent. *Hollenkamp v. Peters*, 410 N.W.2d 427, 429 (Minn. App. 1987). Hassinger has not alleged fraud, mistake, or absence of consent, and he was represented by counsel when he stipulated to issuance of an HRO. Although Krupicka was not represented by counsel, Hassinger has not demonstrated any reason for setting aside the stipulated HRO.

Hassinger argues that the original order is an injunction and not an HRO because the district court did not make findings of harassment. But this argument is not supported by the record. The findings are limited, but they state that "[i]n lieu of an evidentiary hearing and/or an Order for Protection, the parties have agreed to the issuance of a Harassment Restraining Order." On appeal, Hassinger does not dispute that he entered into this agreement after consulting with his attorney; this is sufficient to support the district court's issuance of an HRO. *See Anderson v. Anderson*, 303 Minn. 26, 31, 225 N.W.2d 837, 840 (1975) (stating that "the effect of [a] stipulation is to take the place of evidence").

Hassinger argues that Krupicka's failure to abide by the spirit of the HRO makes the judgment ordering issuance of an HRO no longer equitable, but Krupicka was not bound by the HRO; the HRO restrained only Hassinger. Hassinger's allegations of Krupicka's misconduct are, like his other allegations, vague and speculative.

4

Hassinger also argues that he was entitled to an evidentiary hearing on his motion to vacate or modify the HRO. We review the district court's decision on whether to hold an evidentiary hearing on a motion for an abuse of discretion. *See Thompson v. Thompson*, 739 N.W.2d 424, 430 (Minn. App. 2007) (discussing motion to reopen dissolution judgment under Minn. Stat. § 518.145, subd. 2). Hassinger submitted an affidavit providing his reasons for seeking relief, which fully informed the court of the circumstances; both parties were represented by counsel, who argued in favor of their respective positions. Although Hassinger urges this court to consider his affidavit as "unrebutted evidence," an examination of his affidavit demonstrates that it is largely unsupported statements of belief, fear of future consequences, a restatement of allegations made in the earlier hearing, or additional proof that the parties should have no contact. The district court did not abuse its discretion by refusing to hold an evidentiary hearing when the supporting affidavit was speculative and vague. *See id.* at 430-31 (stating that in order to reopen a judgment because prospective application is no longer equitable, "[t]he moving party must present more than merely a new set of circumstances or an unforeseen change of a known circumstance" and that "the development of circumstances [were] beyond the parties' control").

**Affirmed.**