*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0728**

In the Matter of the Civil Commitment of: Jeremiah Jerome Johnson.

**Filed October 27, 2025
Affirmed
Worke, Judge**

Cass County District Court
File No. 11-PR-08-1240

Jeremiah Johnson, Moose Lake, Minnesota (self-represented appellant)

Keith Ellison, Attorney General, Angela Helseth Kiese, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Worke, Judge; and Johnson, Judge.

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

Appellant challenges the district court's denial of his requested relief from civil commitment, arguing that the district court abused its discretion by failing to recognize his right to self-representation at commitment proceedings. We affirm.

**FACTS**

In May 2008, respondent State of Minnesota petitioned for appellant Jeremiah Jerome Johnson to be civilly committed as a sexually dangerous person (SDP). The district court assigned Johnson an attorney who represented him throughout the commitment

proceedings. At a hearing, Johnson testified that he was satisfied with his counsel's representation and stipulated that he met the criteria for civil commitment as an SDP.

One year later, Johnson moved the district court to dismiss his commitment for lack of subject-matter jurisdiction, based on tribal-member status. The district court denied the motion. Johnson appealed to this court, and we affirmed. *In re Civ. Commitment of Johnson*, 782 N.W.2d 274, 276 (Minn. App. 2010), *aff'd sub nom. In re Johnson*, 800 N.W.2d 134 (Minn. 2011). Johnson petitioned for review, and the supreme court affirmed. *Id.* at 136.

In July 2014, Johnson requested that the district court appoint a different attorney because he believed that his appointed attorney "can't or won't meet any of [his] demands for proper representation." The district court denied the request.

In October 2024, the supreme court held that, when a person committed under chapter 253D seeks a reduction in custody, the patient may move the commitment appeal panel to waive the statutory right to be represented by counsel in those proceedings. *In re Civ. Commitment of Benson*, 12 N.W.3d 711, 713 (Minn. 2024). Shortly thereafter, Johnson moved the district court to vacate his initial commitment, pursuant to Minn. R. Civ. P. 60.02(e)-(f), arguing that he had been denied the right to represent himself in those proceedings.

The district court denied Johnson's motion, concluding that: (1) *Benson* did not establish a Sixth Amendment right to counsel, and (2) Johnson's right to self-representation was not withheld as Johnson did not request to represent himself. This appeal followed.

**DECISION**

Johnson, who is self-represented, argues that the district court abused its discretion by denying him a new commitment hearing at which he could represent himself. Under rule 60.02(e)-(f), a district court must "determine whether changed circumstances exist and, if so, whether they render it inequitable for the judgment to have prospective application." *City of Barnum v. Sabri*, 657 N.W.2d 201, 207 (Minn. App. 2003). Because granting relief under rule 60.02 is left to the "sound discretion of the district court and is based upon all the surrounding circumstances of each case," we review only for abuse of discretion. *Cole v. Wutzke*, 884 N.W.2d 634, 637 (Minn. 2016). For purposes of this appeal, we assume that Johnson's motion was timely, that the *Benson* decision was a relevant change in decisional law that could establish inequity, and the motion was filed within three months of the *Benson* decision. *See Munt v. State*, 984 N.W.2d 242, 247-48 (Minn. 2023).

Johnson argues that the district court abused its discretion by denying relief because *Benson* inferred a constitutional right to self-representation at his initial civil-commitment proceeding. Johnson is misguided. In *Benson*, the supreme court focused exclusively on interpreting Minn. Stat. § 235D.20 (2024). 12 N.W.3d at 711, 720-21. The supreme court specifically avoided resolving any constitutional arguments. *Id.* at 717, 721 n.13. Minnesota has not recognized that the Sixth Amendment applies to civil-commitment proceedings. *See Beaulieu v. Minn. Dep't of Hum. Servs.*, 798 N.W.2d 542, 548 (Minn. App. 2011) (recognizing multiple other provisions of the Sixth Amendment, including right to effective assistance of counsel, have applied to only criminal defendants,

3

not civilly committed persons), *aff'd*, 825 N.W.2d 716 (Minn. 2013). Furthermore, section 253D.20 did not exist at the time Johnson was committed. *See* 2013 Minn. Laws ch. 49, § 15, at 227 (enacting statute). We conclude that the district court did not abuse its discretion by denying relief because it correctly applied *Benson*, which did not confer a constitutional right to self-representation at Johnson's civil-commitment proceeding.

Johnson argues that the district court abused its discretion by concluding that *Benson* did not apply because Johnson had not requested to represent himself. Johnson states that he was merely following pre-*Benson* law that did not provide the right to self-representation in civil-commitment proceedings. *See Benson*, 12 N.W.3d at 718-19 n.10. Courts generally presume that a defendant has not waived the right to counsel unless the government can show that the waiver was knowingly and intentionally made. *State v. Kivimaki*, 345 N.W.2d 759, 763 (Minn. 1984) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). This court has consistently recognized that the presumption of a waiver to counsel contradicts this time-honored principle. *See In re Civ. Commitment of Robb*, No. A24-1017, 2024 WL 4815038, at *6 n.6 (Minn. App. Nov. 18, 2024), *rev. denied* (Feb. 18, 2025); *In re Civ. Commitment of Hazley*, No. A24-1625, 2025 WL 1502745, at *3 (Minn. App. May 27, 2025).[1] Because Johnson has not shown that he affirmatively waived counsel, the district court did not abuse its discretion by denying relief.

---

[1] We cite these nonprecedential cases only for their persuasive authority. *See* Minn. R. Civ. App. Pro. 136.01; *Moore v. State*, 945 N.W.2d 421, 430 (Minn. App. 2020).

*Additional claims*

Johnson raises, for the first time on appeal, an alleged due-process violation under the Fourteenth Amendment and the Unenumerated Rights Clause of the Minnesota Constitution. Because these claims were not raised in district court, they are deemed forfeited. *Rubey v. Vannett*, 714 N.W.2d 417, 424 (Minn. 2006); *see Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

**Affirmed.**